THE PEOPLE, Plaintiffs in Error, *v.* ABRAHAM O. BAUGHMAN, Defendant in Error.

A recognizance, which sets out the offense in the language of the statute, will be held sufficient, and in a proceeding upon it by *scire facias*, the omissions of the record may be supplied by proper averments.

A WRIT of *scire facias* on a bail bond in a criminal case, was issued from and returned to the Fulton Circuit Court against John Hartman and Abraham O. Baughman, which was served on Baughman and *non est inventus* as to Hartman.

The defendant, Baughman, demurred to the *sci. fa.;* the court sustained it and discharged him. From this judgment the people bring the case to this court by writ of error.

The *sci. fa.* sets out *in hæc verba* a complaint under oath, made by John Orwing, Jr., before a justice of the peace, that John Hartman committed an assault with a deadly weapon, with intent to inflict a bodily injury on the person of the complainant where no considerable provocation appeared. Upon this complaint it is averred that a warrant was issued by the justice, which is also set out in *hæc verba*, wherein the offense is described the same as in the complaint.

The *sci. fa.* then avers that an examination was had before the justice, and the said Hartman required thereon to give bail for his appearance on the first day of the next term of the circuit court, to answer unto any indictment that might be preferred against him for the offense named in said complaint, and there to abide the order of the court in the premises, and that in pursuance of said order, the said John Hartman as principal, and Abraham O. Baughman as security, came in person before the justice and entered into a recognizance, in writing, under their several seals, which was taken and approved by the justice.

The consideration of the recognizance recites that the said John Hartman was, on the date of the bond, examined before the justice taking the recognizance, "*on a charge of an assault with a deadly weapon upon the person of John Orwing,*" and required to give bail, etc., and provided that if the said John Hartman should appear on the first day of the next term of the circuit court, "to answer said complaint," and should "abide the order of the court, and not depart without leave," then the recognizance was to be void.

The *sci. fa.* then avers the return of this recognizance by the justice, the filing thereof in the circuit court, the finding of an indictment for assault with a deadly weapon on the person of John Orwing, with an intent to inflict a bodily injury, where no considerable provocation appeared, and that the same was

pending and undetermined; that after the return of the indictment, at the same term, a default was taken against John Hartman and Abraham O. Baughman, and judgment of forfeiture rendered, upon which *sci. fa.* was ordered.

The only question is the sufficiency of the *sci. fa.* on the demurrer.

GOUDY and JUDD, for Plaintiffs in Error.

WILLIAM KELLOGG, for Defendant in Error.

SCATES, C. J.   The ground taken here, and upon which a demurrer was sustained in the court below, is that the recognizance does not describe any offense with sufficient certainty. It is charged in it, to be "an assault with a deadly weapon upon the person of John Orwing." It is fully described in the language of the statute in the complaint, warrant and indictment.   All these, with the recognizance, are substantially set forth in the *scire facias*—and it avers the offense in the language of the act.

The recognizance here is good according to the analogy laid down in *Besimer et al.* v. *The People*, 15 Ill. R. 439.   The intendment is that the assault with a deadly weapon is the offense defined and punished in the 52d section of the criminal code.   That is the only misdemeanor which includes a deadly weapon in its definition.   So by intendment in the case of *Besimer et al.* v. *The People*, where adultery was charged, the court understood it, as imputing the offense of living in an open state of adultery under the statute.

There are other decisions of this court, which have laid down principles conclusive of the question raised here.   In *McFarlan et al.* v. *The People*, 13 Ill. R. 9, and *Thomas* v. *The People*, id. 696, the *scire facias* was held to supply omissions in the record, where proper and full averments are made. Although the fact may not appear in the recognizance, or of record, the omission may, to a certain extent, be supplied by proofs, if a foundation be laid by averments.

This is fully done here, and the facts admitted by the demurrer.   The judgment in this case, seems to have been rendered solely upon the ground that the offense must be fully described, or with sufficient certainty in the recognizance itself.   I do not understand the court to have gone that length in *Bridge* v. *Ford, Jr.*, 4 Mass. R. 641, for the jurisdiction of the justice's court did not appear, either by the recognizance or declaration.   The same may be remarked of *Commonwealth* v. *Daggett*, 16 Mass. R. 446.   The position assumed, seems to find direct support in the *State* v. *Lane et al.*, 33 Maine R.

536, where it is held, that the court can only look to the recognizance to discover the crime charged. A similar rule is laid down in the *Treasurer of Vermont* v. *Merrill et al.*, 14 Verm. R. 64, where the court take the ground that the recognizance is matter of record, and cannot be aided by any parol averments.

A different rule prevails in New York. In *The People* v. *Blankman et al.*, 17 Wend. R. 252, it was held, that if the offense is substantially, though not technically set forth, it will be sufficient in the recognizance. It was fully described in the indictment and *scire facias*. This fully agrees with the rule laid down in our own decisions; and, indeed, with the general doctrine in relation to averments and pleadings founded on records, where it is necessary to give identity to matters connected with and included in the record, by averments of matters *de hors* the record.

Without the right of making and proving such averments, it would frequently be impossible to identify, or distinguish causes of action, to be the same, or different, from those upon which judgments may have been already rendered.

We would not be understood, that any and every portion of the record of recognizance may be supplied by averments and parol proof.

On the contrary where a record is the foundation of the action, either in debt or by *scire facias*, a sufficient record must exist or be shown. But every fact essential to a recovery need not necessarily appear by the record. And the cases referred to of *Besimer et al.* v. *The People*, *McFarlan et al.* v. *The People*, *Thomas* v. *The People* and *The People* v. *Blankman*, are examples of the distinction to which I have adverted, and within which this case falls.

Judgment reversed and remanded.

*Judgment reversed.*