THE STATE OF IOWA, v. CLEMONS, *et al.*

1. EVIDENCE. Where, in the trial of issues raised on a *scire facias*, it was shown that two indictments were found against one of the defendants, one of which was quashed for informality, and to the other of which the defendant was required to answer; it was held that parol evidence was admissible, for the purpose of showing that both indictments were for the same offense.

2. SAME. Parol evidence is not admissible to contradict a record showing that a defendant in a criminal action, under a recognizance to appear and answer to an indictment, made default.

3. REVIEW OF FINDING OF FACTS. The finding of facts by the court below, will not be reviewed by the appellate court where the whole of the evidence is not presented by the record.

*Appeal from Keokuk District Court.*

WEDNESDAY, NOVEMBER 2.

SCIRE FACIAS. The writ recites that on the fourth day of July, 1856, Willis Clemons, Aurora Clemons, and A. C. Price, entered into a recognizance to the State of Iowa, in the penal sum of twelve hundred dollars, before M. H. Keith a justice of the peace of Keokuk county, conditioned that the said Willis Clemons should appear at the next term of the District Court of said county, and abide the judgment of the court, and not depart without leave of the court; and that at the said next term, to-wit, at the September term for the year 1856 of said court, the said Willis Clemons, though duly called by order of said court, to answer an indictment for the crime of seduction, found by the grand jury of said county at the said September term, came not, but made default of his appearance. The said Aurora Clemons and A. C. Price were duly served. Willis Clemons was not found.

The proceedings on the *scire facias* were commenced on the 27th of March, 1857. The defendants served with process, showed for cause against the rendition of any judgment against them, that said Willis Clemons was in-

dicted by the grand jury on the 18th of September, 1856, at the September term of the District Court of Keokuk county, for the crime of seduction; that he made his appearance at said court on the first day of the term, and was ready to answer to said indictment, and abide the judgment of the court; that he was not required to appear for arraignment, trial, or judgment on said indictment; that he never was arraigned or required to plead to said indictment at said September term, or at any other term; that said indictment is still pending, and said Willis Clemons has always been and still is ready to appear and answer the same; that he never made default of his appearance to answer the same; that the said recognizance was never forfeited as required by law; and that upon the presentation of the indictment to the grand jury, the said court ordered the said Willis Clemons to be arrested and to be held to bail in the sum of eight hundred dollars; that he was arrested in pursuance of said order and appeared at the July term, 1857, and entered into a recognizance to appear at the next term thereof to answer said indictment; that he did appear at the November term, 1857, and again entered into a recognizance to appear at the next term thereof; that the same has not been disposed of but is still pending, and that the fact that the said Clemons was never required to appear and answer to said indictment until the July term, 1857, and his appearance at that time, and entering into a recognizance as required, was a discharge of the recognizance taken by the said Keith.

To this answer there was a replication, and issue being joined, the cause was tried by the court at the November term, 1857. The state gave in evidence, the recognizance taken by the justice for the appearance of the said Willis Clemons at the September term of the District Court, 1856; also, the record of an indictment found by the grand jury at the said term, against the said Clemons for seduction, and duly presented to said court. That said defendant was called to answer the same at the said term, and made default

of his appearance, which was entered of record. It also appeared in evidence that an indictment found by the grand jury at said term, against the said Clemons, was, on motion of the prosecuting attorney, for the State, set aside and dismissed. The State called to the witness stand the said prosecuting attorney and proposed to prove by him that the said indictment which was dismissed, was for the identical offense with which the defendant Clemons was charged in the other indictment found by the grand jury at the same term. This evidence was objected to by the defendant. The objection was overruled by the court, and the evidence permitted to go to the jury.

The defendant then gave in evidence to the jury, from the records of the court, that at the July term, 1857, in the case of the *State of Iowa* v. *Willis Clemons*, the defendant came into open court, and was arraigned according to law, and pleaded "not guilty," and the said cause was continued until the next term. Also at the November term 1857, the following entry from the records:

"*State of Iowa* v. *Willis Clemons*, Criminal cause No. 2.

"The cause came on to be heard on the motion of the State, for a continuance of the same to the next term of this court, and the court being fully advised in the premises does grant a continuance of the same to the next term of the court, and orders the defendant to enter into a new recognizance for his appearance at the next term of this court, to answer said indictment and not depart from the court without leave, but without security. And it is further ordered that the recognizance by the defendant at the July term 1857, with Aurora Clemons and Joel Crossman his securities, be, and the same is, hereby canceled, and all parties thereto discharged therefrom."

The bond directed to be canceled was given by Willis Clemons with Aurora Clemons and Joel Crossman, as sureties, in the penal sum of eight hundred dollars, conditioned

The State of Iowa v. Clemons, et al.

for the appearance of Willis Clemons at the next term of the District Court of said county (in November, 1857,) to answer an indictment for seduction.

The defendant then offered to prove by a competent witness that Willis Clemons was present at the September term of the District Court for said county, until the close of the term; that he was a resident of Keokuk county, and was a resident of the same during said month of September; that he voluntarily gave himself into custody of an officer and entered into a new recognizance. Objections being made by the State to the introduction of this evidence, the objection was sustained and the evidence excluded.

This being all the evidence the court adjudged the recognizance of the defendants forfeited, and rendered judgment thereon for the amount thereof and costs.

*Crockham & Fisher* for the appellants.

*S. A. Rice*, Attorney General, for the State.

STOCKTON, J.—The objection made to the evidence of Sampson was properly overruled. It was proper to permit the State to prove by parol testimony that the two indictments found and presented by the grand jury against Clemons were for the same offense. The record showed that the prosecuting attorney moved to have the first one found by the grand jury set aside for insufficiency, and the case recommitted to the grand jury to find a new indictment. The prosecuting attorney was thereupon allowed to state that the indictment to which the defendant was required to answer, was for the same offense charged in the indictment that had been set aside as informal.

The defendant could not however be allowed to prove by parol that the prisoner Willis Clemons was in attendance at the September term of the District Court, 1856, ready to answer to his recognizance. The appearance of the defendant must be shown by the record. The effect of the evidence would have been to contradict the record by parol evidence.

The record shows that the said Willis Clemons being called at the September term to answer the indictment against him according to the tenor of his recognizance, made default of his appearance. His appearance must be shown by evidence of as high a character as that which shows his default. It seems that the District Court held that the first indictment had been regularly set aside, before the second one was found by the grand jury and presented to the court. This was a finding by the court on the evidence before it. As the. evidence on which the finding was made is not contained in the record, we have no means of reviewing it, and cannot say that the court was in error.

As the trial was by the court, no instructions were asked or given, and the court was not asked to give its decision in writing, stating the facts found and the conclusion founded thereon. *Section* 1773. The court adjudged that defendant did not show cause in excuse of the default of said Clemons and refused to set aside the default, and thereupon ordered the undertaking to be forfeited, and rendered judgment against the sureties for the amount of the bond.

We cannot say there was error in this judgment of the court. The error is not made to appear to us. It is shown that defendant at a subsequent term, came into court, and was arraigned and pleaded " not guilty " to an indictment against him. And at a still later term of the court, a cause of the State of *Iowa* v. *Willis Clemons,* was continued at the motion of the State, and the defendant required to enter into a recognizance for his appearance at the next term without surety; and that at the same time an order was made by the court, that a recognizance entered into by Willis Clemons for his appearance to answer an indictment against him for seduction, be released and canceled. There is nothing in the record, however, to show, nor from which it can be inferred, that this was an indictment for the same offense of which the defendant was accused, before the justice Keith, nor that the recognizance now sued on was given in the same cause.

It was incumbent on the defendant to show this as part of the defence. The District Court deemed the evidence of this fact, if any was offered, insufficient. There is nothing in the record from which we can say that this finding of the court was erroneous.

Judgment affirmed.