State of Oregon *v.* Hays.

State of Oregon, Respondent, *v.* Sanford Hays and R. H. Tapp, Appellants.

*Error to Lane County.*

1. On an action on an undertaking for bail, it was not error to prove the discharge by parol of defendant.
2. A statutory undertaking for bail is not a recognizance, it is a simple promise to pay money on certain conditions.
3. When the undertaking has been signed, and a formal justification completed in presence of the magistrate, it is sufficient.
4. It was not a substantial error to permit the magistrate at the time of trial to append his certificate to the undertaking.

This action is brought upon an alleged violation on the part of defendants of their undertaking as bail in a criminal action.

The judgment of the Circuit Court was in favor of the plaintiff for the amount expressed in the undertaking ($150), and costs. The defendants appeal.

One R. G. Fry, had been held to answer upon a charge of assault with a dangerous weapon. The defendants subscribed an undertaking which was in the form prescribed in section 267 of the Criminal Code. The undertaking was dated and subscribed by the defendants as sureties in the presence of the magistrate taking the bail. These defendants at the same time justifying as such bail by affidavit, duly subscribed and sworn by them before the magistrate and by him certified. The undertaking was received by the magistrate, and thereupon the defendant was discharged, and the magistrate transmitted the undertaking, with the other papers in the case, to the Circuit Court in accordance with section 411 of the Code.

The magistrate neglected to certify in writing that the undertaking was taken and acknowledged before him, and he made no written order directing the sheriff to discharge the defendant.

On the trial of the cause the Circuit Court permitted the plaintiff to prove by parol that the defendant was discharged at the time the undertaking was signed; this is assigned as error.

The court in the course of the trial permitted the committing magistrate, who was present, to append to, or endorse upon the undertaking his certificate that the undertaking was taken and acknowledged before him, which is also assigned as error.

The appellant also assigns as error the instruction to the jury that, "if the undertaking was signed in the presence of the justice an acknowledgment was not necessary."

*W. R. Willis, Esq.*, for appellants:

The undertaking, when filed in the Circuit Court, is a matter of record and cannot be amended in a collateral proceeding. (4 *Denio*, 534-5-8-9 *and* 44; 2 *Johns. Chan.*, 205.)

The gist of this action being matter of record, it must be proven in that form alone. (4 *Met.*, 423.) *Sections* 267 *and* 268, *pp.* 485 *and* 486 *of the Code*, require that the undertaking be signed by the sureties in the presence of the magistrate taking the bail and acknowledged before him, and he must append thereto his certificate, &c. (4 *Denio*, 437; 4 *Iowa*, 302; 3 *Iowa*, 189; 1 *Oregon*, 308.) The discharge of the prisoner, the allowance of bail and acknowledgment of the sureties are material facts, and must be alleged in the complaint and proven by record.

*J. F. Watson, District Attorney:*

The making of the indorsements is a ministerial act, not judicial; defendants have done all necessary acts. These acts are apparent from the complaint and bond, and the answer expressly admits the execution of the bond, and defendants are estopped. Issues raised by answer are immaterial. The bond shows defendant Fry was admitted to bail. (4 *Iowa*, 302.) Objection concerning justices' entries immaterial. (*Statutes*, 585, *sec.* 5, *sub.* 12; *Statutes*, 478, *sec.* 215.)

State of Oregon *v.* Hays.

UPTON, J.  It was not error to admit parol proof of the defendant's discharge.  If the committing magistrate had made and delivered to the sheriff an order under section 274 of the Code, directing him to discharge the defendant, the production of that order would not prove the discharge; nor does the statute require the sheriff to indorse or certify upon the order his proceedings, or to return the order into court. The object of the order is to secure the discharge of the defendant, and it may be evidence in the hands of the sheriff justifying the discharge, but it is not evidence to prove the actual discharge.  If neither the defendant or his bail asked to have it issued, it is difficult to see how they can complain that no such order is in existence.  The consideration of the undertaking was a discharge from custody.  If the defendant was actually discharged and no record was made of the fact, there is no reason why it should not be proved by parol.

· The other questions raised in this case depend upon the construction of the statutes in regard to " undertakings" in criminal proceedings.  Are the instruments contemplated simple contracts between the sureties and the State, or do these statutes contemplate contracts of record in a technical sense ?  Ordinarily a simple contract requires for its completion only the assent of the parties upon sufficient consideration.  A contract of record is entered into in more solemn form, and upon being consummated, becomes, in substance, the judgment of a court.

"A recognizance is an acknowledgment of a debt of record ; it has many attributes of a judgment." (*People* v. *Van Epps*, 1 *Wend.*, 390.)

Upon default, an execution formerly issued upon it without an action or any further notice to the defendant.

The *Statute, sec.* 268, requires " the undertaking to be dated and signed by the sureties in the presence of the magistrate."  It requires the sureties to justify by affidavit (*sec.* 270); and it requires the magistrate to certify "substantially in the following form : ' Taken and acknowledged before me

State of Oregon *v.* Hays.

.the day and year above written.'" The surety is not required
by the statute, as is done in entering into a recognizance, to
admit or confess that he owes the State a certain sum upon
the conditions specified. All that the Statute requires of *him*
is that he shall *sign* the undertaking in the presence of the
magistrate; nor is the magistrate required to certify to any
particular mode of acknowledgment. The form of the
instrument prescribed, shows clearly that all that is intended
is a simple promise for the payment of money upon certain
conditions. Under the Code the promise can only be enforced
by an action. It is not called a recognizance in the Statute,
and in its form and substance it has none of the characteristics
of a recognizance. The Statute declares (*sec.* 255) "the taking
of bail consists in the *acceptance* of the undertaking of suffi-
cient bail for the appearance of the defendant, according to
the *terms* of the undertaking." Formerly when it was the
practice to secure the attendance of parties and witnesses by
means of recognizances, the proceeding amounted to an oral
confession of judgment. No paper was signed by the party,
but his confession or acknowledgment was entered on record.
And the judgment was enforced, by estreat or execution
issued without further notice, upon entry of the default.
Several of the States, without materially changing the form-
alities used in entering into a recognizance, or the nature of
the contract, have provided by statute for proceeding, in case
of forfeiture, by action in some specified court to recover the
.debt, and have thus placed the business of enforcing payment
within the more appropriate jurisdictions, where judgments
for the payment of money are principally recorded. Inas-
much as recognizances were not only *quasi* judgments, but
upon entering the forfeiture, became liens upon real estate,
the convenience of such change is apparent. In many States
the formal proceedings are so far changed as to require the
signature of the recognizor as well as, or in place of, his oral
acknowledgment, where the substantial features of the
recognizance are still retained, and instead of making a

promise of future payment, the party becoming surety is still required to acknowledge a past indebtedness, or in other words to confess a judgment. The record thus made, when produced as evidence to sustain the action directed to be commenced, is held to be conclusive. In those cases it has been still required that the form should be " an acknowledgment of indebtedness to the people " or the State. (*People* v. *Rundell,* 6 *Hill,* 506.)

The undertaking prescribed by our Statute is radically different in form and substance and retains nothing of the nature of the confession of a judgment or a recognizance. It is a simple contract, a conditional promise for the payment of money, to be sued upon as is a bond or promissory note.

In such an undertaking when is the contract complete? When it is signed by the parties, placed in the hands of the magistrate, and the defendant discharged; or when the magistrate shall have appended his certificate?

The law positively requires a justification by affidavit before the defendant has a strict right to his discharge. But it has never been held that the want of the affidavit can be set up as a defense in an action upon the undertaking.

The law makes it the duty of a magistrate to certify to the acknowledgment of a deed, and he may be liable if he neglects or declines to do so; but the deed is good between the parties before he certifies. In case of a deed the certificate of acknowledgment is taken as proof of the execution, but it has never been held that in the absence of a certificate, or in case of a defective one, it is error to prove the execution by parol.

When a party comes before a committing magistrate and deliberately subscribes to such a promise as is set out in this undertaking, and makes the formal affidavit of justification as bail, he cannot in good faith set up that he has made no acknowledgment. He thus makes all the acknowledgment the statute expressly requires of him, all that the statute seems to contemplate, and all that is consistent with the

nature of the transaction. When the agreement is signed, and in consideration of the promise, the defendant is discharged, the contract is made and completed; new rights are acquired, new obligations are assumed, and there is no reason why the failure of an officer to perform a subsequent ministerial act should invalidate the contract.

The case in 30 *Cal.*, 627, is cited as maintaining a contrary opinion from that here expressed.

The instrument under consideration in that case is called a recognizance in the legislative act that provides it, and it is evident that the court so treated it, and based the opinion upon that view of the instrument. There is no reason to think the court would have come to the same conclusion, if the instrument under consideration had been deemed to be, like the undertaking in this case, simply a conditional promise for the payment of money at a future time.

Whatever reasons there may be under the Criminal Code of that State for the conclusion arrived at in regard to the instrument under consideration, the courts of that State have long held, in regard to undertakings in civil cases, which are substantially like the one here presented, and in regard to official bonds, that parties executing them cannot take advantage of want of compliance with the statute in certifying, justifying, approving, &c. Such subsequent acts being treated as not essential to the binding force of the contract. (*People* v. *Edwards*, 9 *Cal.*, 293; *Dore* v. *Covey*, 13 *Ib.*, 506; *People* v. *Carpenter*, 7 *Ib.*, 403).

See also *Turner* v. *Billagram*, 2 *Ib.*, 522, and *McDermott* v. *Isbell et al.*, 4 *Ib.*, 113, as to the propriety of allowing a party who has had the benefit of the contract to raise similar objections.

The case of *People* v. *Kane*, 4 *Denis.*, 534, cited by appellant, sustains the views here expressed in regard to the difference between a simple contract and a recognizance, and shows that the reason for the rules of practice applicable to recognizances totally fails when applied to this case. Per-

mitting the magistrate to append his certificate at the trial was not an error affecting a substantial right, and there is no error in the charge to the jury.

The judgment should be affirmed.