### Staunton.

LAVELL AND JORDAN v. McCURDY'S EX'ORS.

October 4th, 1883.

1. SCIRE FACIAS—The mandate of the statute (Code 1873, chapter 166, section two,) is, that process from any court, whether original, mesne, or final, except a summons for a witness, shall be returnable within ninety days after its date. This embraces a writ of *scire facias* to award execution on a judgment; and if such writ of *scire facias* be on its face not returnable within that period it is void. *Warren* v. *Saunders*, 27 Gratt. 259.

2. IDEM—*Judgment thereon.*—Judgment on a writ of *scire facias*, returnable on its face not within ninety days, can only be treated as a judgment rendered without service of process, because rendered on a void process, and is therefore void.

3. IDEM—*Idem—Award of execution.*—The utmost extent of the jurisdiction in the court upon a writ of *scire facias*, reciting a judgment for money, and notifying the defendants to appear and show why the plaintiffs should not have an execution against them for the debt, interest and costs of said judgment, is to render judgment that the plaintiffs in the writ of *scire facias* have execution of the judgment in the writ set forth.

4. IDEM—*Idem—Idem—Lien.*—Such judgment for award of execution does not constitute a lien on real estate.

5. IDEM—*Idem—Judgment for money.*—A judgment on such writ of *scire facias* (even where the writ is valid) *for money*, and not merely for award of execution, is in excess of the jurisdiction of the court, and is absolutely void, and may be so declared either in a direct or a collateral proceeding. See *Wade* v. *Hancock*, 76 Virginia, 620.

Appeal from decrees of the circuit court of Rockbridge county, rendered 26th November, 1881, and 1st April, 1882, respectively, in the chancery cause of A. A. McCurdy and William T. McCurdy, executors of John McCurdy, deceased, and other judgment creditors of William Jordan against J. D. Lavell,

William Jordan and others. In 1864 John McCurdy got judgment in said court against William Jordan and his sureties for $1,200, interest and costs, subject to sundry small credits. This judgment was never docketed anywhere. Others also obtained judgments against Jordan. On 21st November, 1871, he was regularly discharged as a bankrupt. John McCurdy having died, his executors, at April term, 1872, of said court, had issued a writ of *scire facias,* suggesting the death of John McCurdy, against William Jordan and his sureties, to show why those executors should not have execution of said judgment, which writ was executed upon William Jordan and his sureties, who appeared and demurred to the writ; but the demurrer was overruled. Thereupon the court rendered judgment upon the *scire facias* for the sum of $1,200, and interest and costs, subject to the sundry small credits, as specified in the original judgment. This judgment on the *scire facias* was docketed in Rockbridge and Augusta counties, where William Jordan then owned some lands, and where were lands aliened by him to Lavell and others since the rendition of this judgment. In January, 1881, those executors and others filed their bill to enforce the lien of the judgment on the *scire facias,* and other judgments, on the said lands. The defendants demurred, and answered, denying that a judgment on a *scire facias* creates a lien on lands, that the court had jurisdiction to render the judgment, and that said judgment was valid, and also setting up the bankruptcy of William Jordan as a discharge of the judgment, and other matters of defence. The circuit court overruled the demurrer, and decreed that the judgment on the *scire facias* be enforced on the said lands in the inverse order of their alienation. From this decree, said Lavell and William Jordan obtained an appeal.

*J. M. Quarles,* and *David May,* for the appellants.

*S. H. Houston,* for the appellees.

RICHARDSON, J., delivered the opinion of the court:

At the April term, 1864, in the circuit court of Rockbridge county, a judgment was rendered in favor of John McCurdy against William Jordan, Samuel F. Jordan, James G. Paxton, and Joseph A. Logan, for the sum of $1,200, with $14, the costs of suit, and with the following credits endorsed: $40, paid September 14, 1861; $76.99, paid June 13, 1860; and $158.62, paid June 1st, 1863. Afterwards—to wit: on the 19th day of December, 1868,—the said William Jordan, who was the principal debtor, the others being his sureties, was adjudged a bankrupt in the district court of the United States, for the district of Virginia, and on the 21st day of November, 1871, was discharged in due form, and thereby was released from said debt.

In the meantime, John McCurdy, the plaintiff in said judgment, having died, on the 11th day of April, 1871, William T. McCurdy and A. A. McCurdy, as executors of said John McCurdy, sued out a writ of *scire facias* from said circuit court, directed to the sheriff of Rockbridge, setting forth in the usual form said original judgment, the credits thereon endorsed, the death of the plaintiff therein, said John McCurdy, the qualification of his said executors; and reciting that, notwithstanding said judgment, yet execution of the said debt, interest and costs, aforesaid, still remained to be made.; and at the instance of the said executors, commanding said sheriff to make known to the said William Jordan, S. F. Jordan, and Joseph A. Logan, surviving obligors of themselves and James G. Paxton, deceased, who were survivors of themselves, and J. J. Whitmore, deceased, that they be before the judge of the said circuit court on the first day of the then next term thereof, to show, if they have anything to say, why the said William T. McCurdy and A. A. McCurdy, as such executors, ought not to have execution against them for the debt, interest and costs aforesaid.

The writ of *scire facias* thus issued seems to have been regularly executed, and at the next term of said court, designated in

said writ, the cause seems to have been on the docket, and, "on motion" (it does not appear by whom made) "and for reasons appearing to the court," was continued. This was on the 28th day of September, 1871, and more than five months after the date and service of the writ. At the next term of said circuit court of Rockbridge, the record shows that the *defendants*, by counsel, appeared and demurred to said writ of *scire facias*, and issue being joined on said demurrer, the court overruled the same; and thereupon the said defendants pleaded payment and also *nul tiel record;* but afterwards withdrew the plea of payment, and issue being joined, the cause was heard and decided upon said plea of *nul tiel record*, and the court gave judgment, not that the plaintiffs in said writ have execution of the debt therein set forth, but that they recover against the defendants therein $1,200, *the debt in the said writ mentioned*, with interest and costs, and also the costs in suing out and prosecuting said writ of *scire facias;* and the judgment on said *scire facias* has endorsed precisely the same credits endorsed on said original judgment.

The said original judgment does not appear ever to have been docketed anywhere, but said judgment on *scire facias* was, on the 11th day May, 1872, docketed in the county of Rockbridge, and afterwards, to-wit, on the 15th day of December, 1874, was docketed in Augusta county, and also in the city of Staunton.

At the time, and after the docketing of the judgment on said *scire facias*, said William Jordan, the principal debtor, owned several lots of land, some of which were situated in said city of Staunton, and others in Augusta county, outside of said city. Subsequent to the docketing of said judgment in said county of Augusta and city of Staunton, said William Jordan aliened several of the lots or parcels of land, so owned by him, to different persons. In January, 1881, William T. McCurdy and A. A. McCurdy, as executors of said John McCurdy, filed their bill in equity in the circuit court of Augusta county, in their own right and on behalf of other unsatisfied creditors by judg-

ment of said William Jordan, against said Jordan, the other defendants in said proceeding by *scire facias*, and also against the several alienees of said Jordan, to enforce the alleged lien of said judgment on *scire facias* against the said aliened lands in the hands of said Jordan's alienees and persons claiming under one of them as devisees.

The suit in equity thus instituted was matured on the part of the complainants for hearing. William Jordan, the principal debtor in said judgment, and others, his alienees, severally demurred to and answered said bill. The answers are substantially the same. They each deny the existence of the judgment in question as a lien upon their lands, inasmuch as the original judgment was never docketed in Augusta county, and insist that the judgment on *scire facias*, though docketed in said county of Augusta, being a judgment not for execution according to the writ, but a judgment for money, was without notice to the defendants, unauthorized by law, and beyond the scope and purpose of the writ of *scire facias*, and therefore void for want of jurisdiction in the court to render the same. They further say that the said writ of *scire facias*, which they exhibit, is defective, and did not authorize the entering of any judgment thereon, because the statute, section two, chapter one hundred and sixty-six, Code 1873, regulating the time within which process shall be made returnable, provides that process "shall be returnable within ninety days after its date to the court on the first day of a term, or in the clerk's office to the first Monday in a month, or to some rule day; whilst the said writ of *scire facias* is dated on the 11th day of April, 1871, and made returnable to the first day of the then next term of the court, a period far exceeding the limit prescribed by the statute." And the respondents further rely upon the discharge in bankruptcy of said William Jordan as a complete bar to complainant's right of recovery. Other questions were incidentally raised in the progress of the cause below, but they, as well as the defence of

bankruptcy relied on, need not, in the view of the case taken by this court, be taken notice of here. After an account had been ordered and taken as directed by a decree in the cause to ascertain the lands still retained by said principal debtor, the alienations made by him and their order, and for other purposes which need not be named, the cause came on to hearing at the April term, 1882, of the circuit court for Augusta county, when a decree was rendered, holding the said judgment rendered on said writ of *scire facias*, and docketed as aforesaid, to be a valid subsisting lien upon the said lands, and directing the same to be sold in the inverse order of alienation to satisfy said judgment, or so much thereof as remained unsatisfied, after applying thereto $591 in the hands of the general receiver of said court from the funds in the chancery cause of William Jordan against M. G. Harman, due to said William Jordan as of the 15th day of March, 1882, and the sum of $35.88, as of the same date, in the hands of Charles Grattan, trustee, which sums of money were declared to be liable to said debt, and directed to be applied thereto. From this decree an appeal was allowed by one of the judges of this court, and the case thus arising must now be determined.

It will readily be perceived that the propriety, or impropriety, of the decree appealed from, depends upon—first, the validity of the writ of *scire facias* itself, and second, upon the validity of the judgment at law rendered thereon. In other words, if the proceedings on the law side of the court below were valid, and the docketing of said judgment on *scire facias* constituted it a valid subsisting lien, within the meaning of the registry act, then the decree appealed from is without error. If, on the other hand, the writ of *scire facias* was, for the reason of its being made returnable in violation of the positive command of law, a void writ; or if not made so absolutely void, but merely voidable, and the judgment rendered thereon was not for execution according to the notification in said writ, but a judgment for

money, it was a void judgment, because the court rendering the same was without jurisdiction to render any such judgment, then the decree appealed from is erroneous.

It is needless here to attempt to classify the numerous cases and their distinctions, in which the proceeding by *scire facias* is appropriate. In our practice this remedy is most frequently resorted to, to continue a former suit to execution; and this may be, either when this *writ* is required to revive a judgment by or against the same party, or when it is required to revive a judgment where there is, as in this case, a new party to the suit.

In the case under consideration, the plaintiff in the original judgment having died, his executors, by law, succeeded to his rights—stood in his shoes—but by reason of their testator's death were temporarily disabled from having enforced satisfaction of their testators judgment, by legal process of execution. In fact the executors not being parties to the record, having presumably no knowledge of what may have transpired between the plaintiff in the judgment, after the rendition thereof, and prior to his death, and the defendants therein, were placed, as it were, under the necessity of proceeding by some legal method to ascertain in the exercise of prudent caution, what their rights as executors were in respect of this judgment; whether it was a subsisting demand, or had been released or in any way discharged ; and the law, in its wisdom, having provided the cheap and expeditious remedy by *scire facias*, it became the privilege, if not the duty of these executors to resort to this remedy, thereby making the record consistent by setting out in the writ the original judgment, the death of their testator, their qualification as executors of the original plaintiff, and notification to the defendants of their demand, and that they, the defendants, appear according to the terms of the writ, to show cause, if any they could, against said demand. The writ thus constituted and made returnable as required by statute, is a judicial writ to continue the former suit, and to have execution of the former judgment. It is a rule that whenever it is sought to fix a party on a judgment

given against another, it must be done by *scire facias;* the rule being that where a new person, who was not a party to a judgment, derives a benefit by, or becomes chargeable to the execution, there must be a *scire facias* to make him a party to the judgment. *Foster on Scire Facias, Law Library,* 45. So "in all cases where the writ of *scire facias* is required either to revive a previous judgment, above a year old, or where a person has become interested in the suit, who was not a party to the judgment, it is a *judicial* writ to warn the defendant to plead any matter in bar of the *execution;* and in these cases it is only a *quasi continuation of the former suit* brought merely to revive the former judgment, and is then properly called a *writ of execution.*" See *Foster on Scire Facias, supra.* The whole office of the writ is to obtain, upon due notification to the defendant, in such cases, execution of the judgment. When it is said, as applicable to a case like this, that the writ of *scire facias* may be properly called "a writ of execution," it must be understood only that it is the writ resorted to in order to obtain execution on an antecedent judgment; it is understood that by reason of the new relation of the new party to the former judgment, that such new party thereby asserts his right to continue the old suit to execution; the act itself importing that the claim thereby asserted is made known to the defendants, who, being notified thereby, may appear and plead any matter amounting to a release or bar. In fact, the writ is, for all practical purposes, a declaration. Thus, we see that, when lawfully resorted to and pursued, this writ effectually removes the obstruction to execution, caused by the death of the original plaintiff in the judgment, makes the record, in all its parts, consistent, and the ends of justice cheaply and promptly attainable. It is a remedy summary in its nature, and must be pursued in strict accordance with the plain commands of the law.

The imperative command of the statute is that process from any court, whether original, mesne or final, except a summons for a witness, *shall be returnable* within ninety days after its date,

to the court on the first day of a term, or in the clerk's office, to the first Monday in a month, or to some rule day, &c. Yet, in this case, the writ was made returnable to the first day of the then next term, which was one hundred and fifty days after the date of the writ; and being thus plainly in violation of the mandatory provision of the statute was void, and any judgment rendered thereon necessarily void. On this subject and where the same principle was involved it was said by Moncure, J., in a case in which a summons was issued by the clerk of James City county in a suit in that county, directed to the sheriff of the city of Richmond, and by his deputy executed and returned, that the process "was palpably void for illegality." *Warren* v. *Saunders*, 27 Gratt. 259. It is difficult to conceive how any distinction, upon principle, could be taken between that case and the one under consideration. In both, the process was in violation of law, and in each case void because illegal. In the case of *Warren* v. *Saunders, supra,* there was a motion to dismiss the case from the docket, after demurrer sustained to the defendants' plea in abatement; which motion was overruled, and this court, after judgment for the plaintiff on the issue joined, upon a *supersedeas* to said judgment reversed the court below. In this case the defendants demurred to the writ, and surely it cannot be contended that the defect in the writ of *scire facias* could not be reached in that way; if not, then the demurrer should have been sustained, which would have been the end of the matter on the writ in question.

In the next place, conceding for the sake of the argument that the writ was legally sufficient and the demurrer properly overruled, yet, was the judgment, being as it was not for execution, but for money, a valid judgment, capable of being docketed under our statute, and attaching as a lien upon real estate? In the first place, for reasons already stated, it could only be treated as a judgment rendered without service of process, and, therefore, void. *Kyles* v. *Ford*, 2 Ran. 1; *Hickman* v. *Larkey,*

6 Gratt. 212; *Underwood* v. *McVeigh*, 23 Gratt. 418; *Gray* v. *Stuart & Palmer*, 33 Gratt, and *Wade* v. *Hancock*, 76 Va. (1 Hansbrough) 620. In the last named case, Burks, J., delivering the opinion of this court, said: "A void judgment is *ex vi termini* a nullity, and may be so declared and treated by this court, and every other, when the validity or invalidity of the judgment is a question to be determined, either in a direct or collateral proceeding." Hence, it is apparent that the contention on the part of the appellees, that the judgment at law in this case could not be attacked collaterally, is ill-conceived and untenable. Every judicial act, to be operative and binding as such, must have the sanction of law; and every act of any court, without authority of law, or in excess of its lawful jurisdiction, though the parties affected and the subject matter be ordinarily within such jurisdiction, is void and of no effect.

But, second. If the writ in this case had been regular and lawful, and the judgment had been for execution, and not for money, as was the case, yet such judgment—the only legitimate one—could not, in itself, either with or without being docketed, constitute a lien upon real estate. The utmost extent of jurisdiction in the court was to render judgment that the plaintiffs in the writ of *scire facias* have execution of the judgment in said writ set forth. That a mere judgment awarding execution, in such a case as this, does not constitute a lien on real estate, is a proposition too clear to need at this day the support of adjudged cases. But the court went further, and rendered a judgment for money on a *scire facias*, by the very language of which, the only object was to have execution of the antecedent judgment therein named. This was clearly wrong, and, by the very terms of the writ, in excess of the ordinary jurisdiction of the court, and therefore absolutely void. In the apt language of Mr. Freeman, in his admirable work on judgments, section one hundred and seventeen, "A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can

be obtained.    Being worthless in itself, all proceedings founded upon it are equally worthless.    It neither binds nor bars any one.    All acts performed under it, and all claims flowing out of it, are void." This language is precisely applicable to the case in hand.    All these matters appearing by the record, and brought to the attention of the court below, it was its duty to treat said judgment, under the circumstances, as a nullity, and refuse the relief asked for by the complainants below, the appellees here.    For these reasons the said decree of the circuit court of Augusta county is erroneous, and must be reversed and annulled, with costs to the appellants, and the bill of the appellees, the complainants below, dismissed, with like costs to appellants.

The decree is as follows:

This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that said decree is erroneous in that it recognizes as valid the judgment upon *scire facias* rendered by the circuit court of Rockbridge county on the 27th day of April, 1872, in favor of John Mc-Curdy's executors against William Jordan and others, for the sum of $1,200, with interest and costs, subject to certain credits, and decreed a sale of the real estate in the proceedings mentioned, to satisfy the same, whereas said judgment, for reasons stated and filed as aforesaid, is null and void, and ought to have been so declared and treated by the said circuit court.    Wherefore it is considered that the said decree be reversed and annulled, and that the appellees, out of the goods and chattels of their testator in their hands to be administered, pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here.    And this court now proceeding to render such decree as the said circuit court ought to have rendered,

it is decreed and ordered that the bill of said W. T. McCurdy and A. A. McCurdy, executors of John McCurdy, deceased, be dismissed, and that they, out of the goods and chattels of their testator, in their hands to be administered, pay to the defendants (the appellees here) their costs by them expended in their defence in the said circuit court. Which is ordered to be certified to the said circuit court of Augusta county.

DECREE REVERSED.