## Staunton.

### LEWIS AND OTHERS v. COMMONWEALTH.

September 20, 1906.

Absent, Buchanan, J.

1. PROCESS—*Scire Facias—When Returnable.*—Under section 3220 of the Code of 1904, providing that process "shall be returnable within ninety days after its date, * * * * except that * * * * process awarded in court may be returnable as the court may direct," a *scire facias* to procure an award of execution upon a recognizance, which could only be issued after the court had adjudged the recognizance to be forfeited, made returnable to a day fixed by the court, is within the above-mentioned exception, and is sufficient, although returnable more than ninety days after its date.

Error to a júdgment of the Circuit Court of Bath county in a proceeding on a *scire facias* to procure an award of execution upon a recognizance. Judgment for the Commonwealth. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Charles Curry,* for the plaintiffs in error.

*Robert Catlett, Assistant to the Attorney-General,* for the Commonwealth.

KEITH, P., delivered the opinion of the Court.

Virginia Lewis, Jerry Lewis and Samuel Lindsay, of the city of Staunton, on the 3d day of June, 1905, appeared before

S. W. Anderson, bail commissioner of the Circuit Court of Bath county, and acknowledged themselves to be indebted to the Commonwealth of Virginia in the sum of $500, to be made and levied of their several goods and chattels, lands and tenements, to the use of the Commonwealth of Virginia if the said Virginia Lewis should make default in the performance of the conditions of the recognizance. The condition of this recognizance was that Virginia Lewis should appear before the Circuit Court of Bath county on the first day of the then next term, to-wit: on the 20th day of July, 1905, to answer a certain felony alleged by her to have been committed, and that she should not depart thence without leave of the court.

Virginia Lewis not appearing at the time and place named, the Circuit Court of Bath county ordered that she and her sureties be summoned to appear on the first day of the next term of court to show cause, if any they could, why the Commonwealth should not have execution against them on their said recognizance. In the vacation of the court, on the 11th day of August, 1905, a *scire facias* was issued from the clerk's office, which is in the words and figures following, to-wit:

"Commonwealth of Virginia, to the Sheriff of Augusta County—Greeting:

"Whereas, Virginia Lewis, Jerry Lewis and Samuel Lindsay, at the courthouse of the county of Bath, on the 3d day of June, 1905, personally appeared before S. W. Anderson, bail commissioner of the Circuit Court of Bath county, and acknowledged themselves severally indebted to the Commonwealth of Virginia, the said Virginia Lewis in the sum of $500, the said Jerry Lewis in the sum of $500, and Samuel Lindsay in the sum of $500, of their respective goods and chattels, lands and tenements, to be levied and to the said Commonwealth rendered; yet upon condition that if the said Virginia Lewis should personally appear before the Circuit Court of Bath county, at

the courthouse thereof, on the first day of the next term thereof, to-wit: on the 20th day of July, 1905, then and there to answer the Commonwealth for and concerning a felony alleged to have been by her committed, in feloniously stealing the goods of E. Coxe and wife, wherewith the said Virginia Lewis stands charged, and should not depart thence without leave of the court, then the said recognizance was to be void, as by said recognizance filed among the records of said court manifestly appear; and whereas, the said Virginia Lewis hath failed to make her personal appearance before the judge of our said Circuit Court at the time and place aforesaid, according to the conditions of said recognizance, as appears of record:

"Therefore, we command you, that you make known to the said Virginia Lewis, Jerry Lewis and Samuel Lindsay that they be before the judge of our said Circuit Court for the county of Bath, at the courthouse thereof, on the first day of the next term, to-wit: on the 20th day of November, 1905, to show if anything for themselves they have or can say why the said Commonwealth execution against them, the said Virginia Lewis, Jerry Lewis and Samuel Lindsay, of the several sums of money aforesaid, ought not to have, if to us it shall seem expedient, and further to do and receive what our said Circuit Court then and there of them in this part shall consider.

"And have then and there this writ.

"Witness: F. L. LaRue, clerk of said Circuit Court, at the courthouse thereof, on the 11th day of August, 1905, and in the 130th year of the Commonwealth.

"F. L. LaRue, Clerk."

This process was executed upon Jerry Lewis and Samuel Lindsay, but was not executed upon Virginia Lewis, she not being found by the sheriff.

On the 20th day of November, 1905, Jerry Lewis and Samuel Lindsay appeared by counsel and demurred to the fore-

going *scire facias,* and for ground of demurrer state: That the *scire facias* was issued on the 11th day of August, 1905, is returnable to the first day of the next term of the Circuit Court of Bath county, November 20, 1905, more than ninety days after it was issued, and is therefore void and of no effect.

The Circuit Court overruled the demurrer, and awarded execution upon the *scire facias.*

Counsel for plaintiffs in error, in support of the demurrer, relies upon section 3220 of the Code, which provides that "Process from any court, whether original, mesne, or final, may be directed to the sheriff or sergeant of any county or corporation . . . Process shall be issued before the rule day to which it is returnable, and may be executed on or before that day . . . It shall be returnable, within ninety days after its date, to the court on the first day of a term, or in the clerk's office, to the first or third Monday in a month, or to the first day of any rules, except that a summons for a witness shall be returnable on whatever day his attendance is desired, and process awarded in court may be returnable as the court shall direct."

In *Lavell* v. *McCurdy,* 77 Va. 763, the court, in passing upon a *scire facias* to revive a judgment, held that the process referred to in section 3220 embraced the writ of *scire facias,* and that the writ was void if not on its face returnable in accordance with the provisions of the statute.

A *scire facias* to revive a judgment may be sued out of the clerk's office without the intervention of the court; but a *scire facias* praying an award of execution upon a bail bond must issue in accordance with the mandate of a court, for a condition precedent to its issuance is that the recognizance shall be declared to have been forfeited by reason of the non-fulfillment of its condition upon the part of the person bound by it. It is true that in *Lavell* v. *McCurdy, supra,* the writ was ordered to issue by the court, but as it might have been issued by the clerk; and as the order of the court is not referred to in the writ, it might have been argued that the clerk had issued it *ex mero*

*motu* and not in obedience to the mandate of the court. But in the case before us the parties had been recognized to appear at the July term of the court; that was the condition of their recognizance. The principal in the bail bond did not appear, and, the condition being broken, the recognizance was adjudged to have been forfeited, and summons was directed to issue returnable on the first day of the next term of the court, to-wit: on the 20th day of November, 1905. That was the order of the court to its clerk, and on the 11th day of August the writ of *scire facias* was issued, which satisfies in every respect the duty which the clerk was directed by the court to perform. We think it must be held that the clerk, in issuing the writ, acted in obedience to the mandate of the court, and in making it returnable on the first day of the next term he complied literally with the order of the court. The case, therefore, falls within the exception of the statute, which expressly declares that a summons for a witness shall be returnable on whatever day his attendance is desired, and process awarded in court may be returnable as the court shall direct.

In *Lavell* v. *McCurdy, supra,* on page 770, the court, referring to the statute, uses the following language: "The imperative command of the statute is that process from any court, whether original, mesne or final, except a summons for a witness, shall be returnable within ninety days after its date, to the court on the first day of a term, or in the clerk's office, to the first Monday in a month, or to some rule day." The statute in this respect has remained unaltered, and appears in the Code of 1873 as it does in that of to-day. The court, it will be perceived from the quotation, does not refer to so much of the exception set forth in the statute as refers to process awarded in court, which is as much an exception to the statute as a summons for a witness; the one is made returnable on whatever day his attendance is desired, and the other as the court shall direct. How this omission to notice one of the terms of the exception of the statute occurred, and how far it affected the judgment of the

court, we have no means of ascertaining; nor are we at present concerned to determine how far the circumstances of that case, that the *scire facias* was to revive a judgment and that the writ might have issued from the clerk's office without the intervention of the court and, as a consequence, the court was unable to say whether it was done in obedience to the mandate of the court or by the clerk of his own motion, we need not determine.

We are of opinion that under the circumstances of this case, which is that of a *scire facias* to procure an award of execution upon a recognizance, which could only be issued after the court had adjudged upon the failure of the party to appear that the recognizance was forfeited, and directed that process issue returnable to the first day of the next term, to-wit: on the 20th of November following, such process so directed by the court, issued by the clerk and made returnable as directed is to be taken as a compliance on the part of the clerk with the order of the court, and brings the case within the terms of the exception.

From which it follows that the demurrer to the writ was properly overruled, and the judgment of the Circuit Court is affirmed.

*Affirmed.*