## WESTERN SURETY CO. v. UNITED STATES.

### No. 7064.

Circuit Court of Appeals, Ninth Circuit.

Aug. 31, 1934.

Patrick F. Kirby, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Ignatius F. Parker and Louis J. Somers, Asst. U. S. Attys., all of Los Angeles, Cal.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

This is an appeal from a judgment on a writ of scire facias issued by the United States District Court for the Southern District of California upon a bail bond which appellant had signed as surety for one David A. Schaffer charged with violating the Harrison Narcotic Act, December 17, 1914, as amended by Act Feb. 24, 1919 (26 USCA §§ 211, 691 et seq.).

An earlier judgment against the surety was reversed on appeal to this court because of the failure to aver in the writ the time at which Schaffer had made default. 51 F.(2d) 470. The amended writ, upon which the case was retried without a jury, declared that defendant Schaffer had failed to answer the charge against him on November 5, 1928, wherefore the bond was declared forfeited. Appellant now assigns as error the overruling of its objection to evidence admitted to explain the record and the denial of its motion for judgment in its favor on the ground that, for various reasons specified, the evidence was insufficient to support the judgment for plaintiff.

1. The evidence admitted over appellant's objection was designed to meet the defense that the record failed to show Schaffer ever to have been released on appellant's bond. The record consisted in part of the docket of United States Commissioner Head, showing entries in the following order: July 7, 1926, complaint against Schaffer for violation of the Harrison Narcotic Act; July 7, 1926, appearance of defendant and fixing of bail at $2,000; July 7, 1926, "bail bond with Western Surety Co. as sureties, acknowledged, approved and filed"; July 7, 1926, at 11 o'clock a. m., waiver of examination by defendant and order that he be held to the grand jury; July 7, 1926, "in default of bail, final commitment issued." There was also admitted, without objection, testimony of a Deputy United States marshal who read from the jail register the following entry: "Name, Schaffer, David A. Offense, Violation of the Harrison Act. Commissioner, Head. Marshal or Deputy, Maples. Date committed, July 6, 1926: date discharged or released, July 7, 1926. Bail." In addition there was admitted, over appellant's objection, a "Commitment Card," a "United States Commissioner's Release Card," and a "Jailors' Release Card," from which the entry in the jail register was compiled, showing the discharge of the defendant by the United States commissioner at 1:50 o'clock p. m., July 7, 1926, because he gave bond, and the release of the defendant from jail at 2:30 o'clock p. m., the same day, because of bond. Testifying without any independent recollection of the Schaffer Case, Commissioner Head explained that the record entries and the cards showed that defendant Schaffer had been released on appellant's bonds, despite the fact that the entry, "in default of bail, final commitment issued," appeared after the entry, "bail bond with Western Surety Co. as sureties acknowledged, approved and filed." He testified that the confusion, if any, arose from the fact that the entry concerning the filing of bond was made not in its chronological order but in the place reserved for it on the docket. This evidence did not impeach the record, as appel-

lant claims, but merely explained the time sequence which the record left obscure. For this purpose it was clearly admissible. Commonwealth v. Perkins, 32 S. W. 134, 17 Ky. Law Rep. 542 (1895); State of Oregon v. Hays, 2 Or. 314 (1868); see Ewing v. United States, 240 F. 241, 246, 251 (C. C. A. 6, 1917); cf. State of Iowa v. Clemons, 9 Iowa, 534 (1859); People v. Baughman, 18 Ill. 152 (1856); cf. Treasurer of Vermont v. Merrill & Maeck, 14 Vt. 64 (1842).

■■ 2. In support of its motion for judgment on the ground that the evidence was insufficient to support the judgment for plaintiff, appellant contends that the record shows that it was not appellant's bond, but some other bond which was forfeited.

Appellant offered in evidence without objection minutes of the court in the case of United States v. Dave Schaffer, showing that on September 9, 1926, an indictment was presented to the District Court by the grand jury, and that the court ordered a bench warrant issued for the apprehension of the defendant and his bond fixed at $5,000; that on September 20, 1926, the cause came before the court for arraignment and plea, and was continued for two weeks; and that on October 4, 1926, it was continued again until October 18, 1926, when it was continued for the term. There were no further proceedings until January 9, 1928, when, the cause having come on for arraignment, the United States attorney stated that the defendant was a fugitive from justice. The judgment nisi, introduced in evidence over appellant's objection, shows that on November 5, 1928, the cause "coming on at this time for arraignment and plea, * * * the defendant does not appear," and thereupon the court "ordered that a bench warrant issue for the apprehension of the defendant, and, if any bond has been furnished for the appearance of the defendant, that same be, and it is forfeited."

Appellant argues that, since there is no record of defendant Schaffer's failure to appear, except for the minute entries of January 9, 1928, and November 5, 1928, he must be assumed to have been present at all previous occasions when the case was called and to have been released, if at all, upon a bond of $5,000 required by the court on September 9, 1926, and assumed to have been filed subsequent to the filing of appellant's bond. To meet this defense, appellee put in, over appellant's objection, testimony of a deputy clerk that it was the uniform practice in that court to note the defendant's presence but not his absence. This evidence, not contradictory of anything in the record, was admissible to explain it. See cases cited supra. But, even without it, the record does not sustain appellant's contention, for by the very order that fixed bail at $5,000 a bench warrant was directed to issue for his apprehension. Clearly he was not then in custody of the court, and the record fails to show a later arrest or the giving of a new bond to effectuate a release therefrom.

■ 3. Appellant also contends in support of the motion for judgment in its favor that the obligation under the bond had terminated before the forfeiture because there were no proceedings in the case against Schaffer from October 18, 1926, when it was continued for the term, until January 9, 1928, when, on the statement of the United States attorney that the defendant was a fugitive from justice, the cause was stricken from the calendar. The language of the bond is that "David A. Schaffer shall appear and answer said charge against him * * * wherever and whenever the same may be called or prosecuted." This, appellant argues, is substantially the same as a bond for the appearance of the defendant at "the next regular term and each subsequent term," and means that the case must be called at each regular term or else the surety is discharged.

The obligation of the surety depends upon the wording of the bond and the applicable state law. See Palermo v. United States, 61 F.(2d) 138, 140 (C. C. A. 8, 1932); Western Surety Co. v. United States (C. C. A.) 51 F. (2d) at page 471. The California Penal Code (Deering, 1931) § 1278, requires that a bail bond should be in "substantially the following form"—that the sureties "undertake that the above named ―――― will appear and answer the charge above mentioned, in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the court." In Los Angeles County v. Delahunt, 99 Cal. App. 569, 279 P. 187 (1929), a bail bond, in the form required by the statute, was held properly forfeited when the defendant failed to appear on being called for arraignment some six years after the complaint against him had been filed and the bond for his appearance had been given. Obviously, neither in the wording of this bond nor in the California law, is there warrant for the limitation which appellant would read into its obligation. In Reese v. United States, 9 Wall. 13, 15, 19 L. Ed. 541 (1869), upon which appellant heavily relies, the obligation was conditioned upon the appearance of the defendant at the "next reg-

ular term of the Circuit Court to be held in the city of San Francisco, and at any subsequent term to be thereafter held in that city." The court held that the sureties were released by a stipulation between the government and the accused that trial should be postponed until the determination of certain related causes. The basis of the decision was primarily that the obligation of the principal to appear at any subsequent term had been changed, without consent of the surety, to an obligation that he need appear "only at such term as might be held after the happening of an uncertain and contingent event." It may well be doubted whether even under such a bond the surety would be discharged by lack of a formal continuance from term to term. Cf. United States v. Fletcher, 279 F. 160 (D. C., W. D. Tex. 1922). In answer to appellant's argument that it is unreasonably harsh to hold the surety obligated to answer for the prisoner whenever he may be called, it may be said that, if the delay grows too long, the surety may relieve himself of the obligation by surrendering the prisoner to the custody of the court.

4. Finally, appellant contends that the order of forfeiture was not a valid judgment nisi; that it was insufficient to support a final judgment on a scire facias because it did not determine that there was any bond to be forfeited, but provided merely that, "if any bond has been furnished for the appearance of the defendant, that same be, and it is forfeited." Appellee answers that the instrument in suit which appellant terms a bail bond is more properly termed a recognizance, that this is a confessed judgment conditioned on appearance of the defendant, and that the order of forfeiture need show only a breach of the condition.

Recognizance and bail bond are often used interchangeably, although there is a distinction between them. A recognizance, properly speaking, is an obligation or record entered into before a court of record or magistrate duly authorized, conditioned on the doing of some specified act, while a "bond, or as it is commonly called, a bail bond, is an obligation but under seal, signed by the party giving the same, with one or more sureties, under a penalty, conditioned to do some particular act." See Swan v. United States, 3 Wyo. 151, 157, 9 P. 931, 935 (1886). See, too, 2 Blackstone Comm. 341. In some states "a recognizance is a matter of record, in the nature of a conditional judgment, and is proceeded upon by scire facias, while a bond is but an evidence of debt, for the recovery of which an action

must be brought." Cole v. Warner, 93 Tenn. 155, 159, 23 S. W. 110, 111 (1893). In Ewing v. United States, supra, however, scire facias was held to be a proper method of enforcing in the federal courts an instrument characterized as a "bail bond, not a recognizance." See, too, State v. Wilson, 265 Mo. 1, 175 S. W. 603 (1915).

The instrument before us was signed and sealed by the parties, acknowledged before a notary public, approved, sealed, and filed before the United States commissioner on July 7, 1926, and finally filed with the clerk of court on October 17, 1928. Whether the bond was actually entered into before the United States commissioner does not appear. Assuming that it was not, it might be necessary to decide for some purposes whether such an instrument is technically a recognizance or a bail bond; for our purposes, such a choice in terminology is not essential.

On the question of whether or not an order of forfeiture is necessary before a scire facias may issue to enforce a recognizance or bail bond, there is conflict of authority. Although state law is controlling, California law offers no guide, since a statutory procedure other than scire facias is provided for the enforcement of a recognizance. Penal Code (Deering, 1931) §§ 1305, 1306. Under the greater weight of authority, an order of forfeiture is necessary. Park v. State of Georgia, 4 Ga. 329 (1848); Kennedy v. People, 15 Ill. 418 (1854); Eubank v. People, 50 Ill. 496 (1869). See State v. Kinne, 39 N. H. 129, 138 (1859); Lewis v. Commonwealth, 106 Va. 20, 54 S. E. 999, 1000 (1906); cf. McGuire v. State, 124 Ind. 536, 23 N. E. 85, 25 N. E. 11 (1889) (not a scire facias, but an original action upon the recognizance). Authorities to the contrary seem to be largely influenced by statute. State of Minnesota v. Grant, 10 Minn. 39 (Gil. 22, 31) (1865); State v. Edgerton, 12 R. I. 104 (1878). Cf. Potter v. Kingsbury, 4 Day (Conn.) 98 (1809) (action of debt on the bond). Of course, the judgment nisi is invalid if it fails to conform to statutory requisites, Watkins v. State, 16 Tex. App. 646 (1884); United States v. Ewing, 19 F.(2d) 378 (D. C., N. D. Miss. 1927); or to the terms of the bond, Gass v. State, 110 Tex. Cr. R. 238, 8 S.W. (2d) 123 (1928). The order of forfeiture in the present case failed to specify the bond or to state that there was any valid bond on record subject to forfeiture. While it is doubtless better practice for the District Judge, on examination of the record, to specify in the order the bond which is to be forfeited, in the

absence of relevant statutory requirements this is not essential. National Surety Co. v. United States (Case No. 5497) 29 F.(2d) 92, 99 (C. C. A. 9 (1928); and the cases cited therein. We conclude that the judgment nisi was not fatally defective and that the motion of defendant surety company for judgment was properly denied.

Judgment affirmed.