## NAGLE v. UNITED STATES.

### (January 23, 1886.)

PER CURIAM.  The questions for decision in this case are the same as those decided in the case of Swan v. U. S., ante, 151, 9 Pac. Rep. 931, (at the present term.)  On the authority of that case, the judgment is affirmed.

## POST v. UNITED STATES.

### (January 23, 1886.)

PER CURIAM.  On the authority of Swan v. U. S., ante, 151, 9 Pac. Rep. 931, and Nagle v. U. S., ubi supra. 9 Pac. Rep. 936, (decided at the present term,) the judgment of the court below will be affirmed.

## BOOTH v. TERRITORY.

### (January 23, 1886.)

CRIMINAL LAW—APPEAL—RECORD.

The record on appeal in a criminal case must contain a bill of exceptions showing that alleged errors, the basis of a motion for a new trial, were in fact committed, in order to present a ruling prejudicial to plaintiff in error for the decision of the supreme court.

Error to district court.

Booth was indicted for murder in the first degree, and convicted.  He brings error.  Petition dismissed.

*Elliott & Burritt*, for plaintiff in error *John D. Hinkle*, for the Territory.

PER CURIAM.  The indictment in this case properly charges the plaintiff in error with the crime of murder in the first degree.  The record shows that the usual steps were taken in a regular and orderly way, without any objection or exception, including the impaneling of a jury for the trial of the cause, the trial, rendition of the verdict, and the judgment and sentence of the court.  There is a motion for a new trial, based upon alleged errors of the court below upon the trial of the cause.  There is, however, no bill of exceptions in the record, and therefore nothing to indicate that any one of the alleged errors was in fact committed.  Of course, then, it does not appear that the plaintiff in error was prejudiced by any ruling on the trial.  There is therefore nothing in the record for the decision of this court.  The motion of the defendant in error that the petition in error be dismissed will be sustained.

The court appoints Friday, March 5, A. D. 1886, for the execution of the sentence pronounced by the court below.