Argued at Pendleton May 6, affirmed June 10, 1919.

## STATE *v.* MOSS.

(181 Pac. 347.)

**Criminal Law—Dismissal of Indictment—Failure to Try Case at Following Term.**

1. Assuming that district attorney, in an interview with defendant's attorney, made oral agreement that cases should be continued from October to April term, and should then be dismissed, and that district attorney violated the agreement, it would not be a sufficient ground for dismissal of indictments under Section 1701, L. O. L., as to indictment being dismissed, where defendant is not tried at next term of court, in view of Article I, Section 10, of the Constitution, providing that justice shall be administered openly and without purchase.

**Criminal Law—Dismissal for Delay—Review.**

2. Since the trial court had personal knowledge of all the proceedings, his ruling, denying motion to dismiss indictment for failure to try case at next term of court, is entitled to some weight on appeal.

**Criminal Law—Dismissal of Indictment—Failure to Try Case at Following Term.**

3. Where cases were continued from the October to April term with express consent and approval of defendant, and defendant, though present, did not demand a trial at the April term, and at the next October term withdrew motions then made to dismiss because the case was not tried at the April term, defendant's motions to dismiss, thereafter made, do not come within Section 1701, L. O. L., or Article I, Section 10, of the Constitution.

[As to waiver of right to be discharged, see note in 85 Am. St. Rep. 197.]

92 Or.—29

Criminal Law—Dismissal of Case—Waiver of Grounds.

4. In legal effect defendant's withdrawal of motion to dismiss, with the statement in open court that he was ready for trial, and his application and consent to have the cases set for trial, constituted waiver of his right thereafter to insist upon motion to dismiss the indictments.

From Harney: DALTON BIGGS, Judge.

In Banc.

On September 27, 1917, at a continuation of the April term of the Circuit Court for Harney County the grand jury returned four indictments against the defendant, the first of which charged him with the larceny of a steer, the property of Pacific Live Stock Company; the second, with the larceny of a mule, the joint property of William Hanley Company and Eastern Oregon Live Stock Company; the third, with the larceny of one steer and four cows, the property of William Hanley Company; and the fourth, with the larceny of six cows belonging to Eastern Oregon Live Stock Company. To each indictment the defendant waived time, pleaded not guilty and announced himself ready for trial for the larceny of the cattle, but on account of the absence of material witnesses from the state moved for and was granted a continuance on the indictment for the larceny of the mule. The state elected to try the defendant for the larceny of the steer belonging to Pacific Live Stock Company and after trial, on October 6, 1917, the jury returned a verdict of not guilty on that charge. By the following order of the court the remaining cases were continued for the term:

"It is ordered that the above-entitled cause and each thereof wherein W. Z. Moss is under indictment, be continued for the term; that the defendant be permitted to go on his recognizance and his cash bail be remitted in all cases except that of indictment for larceny of one mule; that in the last mentioned case a

personal bond for $1,000 may be at any time substituted for the cash bond of $500."

At that time the terms of the Circuit Court were held on the first Monday in April and the first Monday in October. On October 7, 1918, the defendant through his attorneys, W. Lair Thompson and P. J. Gallagher, filed a motion to dismiss the charges against him, "for the reason that the said indictments were not called for trial at the next term of the court following the filing of the said indictments and that the said trial thereof was not postponed on the application of the said defendant." On the same day the court made an order setting the hearing of the motion for 1:30 P. M. At that time the defendant through his attorneys, P. J. Gallagher and George S. Sizemore, appeared and the court then made the following order:

"Now at this time this matter coming on to be heard upon the motion of the defendant, filed this morning, asking that the indictments be dismissed, for the reason that the said indictments were not called for trial at the next term of the court following the filing of the said indictments, the said defendant appearing in person, as well as by P. J. Gallagher and Geo. S. Sizemore, his attorneys, said defendant, at this time, asks leave to withdraw the said motion to dismiss, and leave to withdraw being granted, the said defendant, through his said attorneys stated in open court that he was ready for trial and asked that the said cases be set for trial.

"Whereupon, at the application of the defendant and with his consent, the said cases, and each thereof, were set for trial Monday, October 14, 1918, at the hour of 10:00 o'clock in the forenoon."

On October 15, 1918, the defendant through W. Lair Thompson, his attorney, filed another motion with the latter's supporting affidavit to dismiss, for the reason that:

"Said indictment was found on the twenty-seventh day of September, 1917; that the trial hereof was continued upon the condition that said indictment would be dismissed in April, 1918, and there was no further continuance of said cause, and the trial thereof was not postponed at the April, 1918, term of this court with the consent of or upon the application of this defendant, nor was any order passed by the above-entitled court continuing said cause at the April, 1918, term of this court, and this defendant was not brought to trial at the April, 1918, term of this court upon said indictment.

"This motion is based upon the records and files in this cause, and upon the affidavit of W. Lair Thompson filed herein to-day."

To this motion counter-affidavits were filed by M. A. Biggs, district attorney, and W. A. Goodman, sheriff of Harney County.

It appears from the affidavit of Mr. Thompson that after the trial and acquittal on the indictment for the larceny of the steer belonging to Pacific Live Stock Company, the district attorney sought an interview at the Hotel Levens at Burns, and the following conversation took place:

"The district attorney * * said to affiant, 'What do you want to do with the other Moss indictments?' to which affiant replied, 'I want to either try them immediately or have them dismissed, and of course I would rather have them dismissed'; the said district attorney then said, 'I know when I am licked, and if you insist upon trying those cases now I will have to dismiss them, but that would subject me to criticism because of the large expense the people of Harney County have been put to in these matters, and I would like to protect myself, it would let me down easier if the cases were continued until next spring and then dismissed when people generally were not discussing (or had forgotten) the matter. If you will agree to a continuance for the term, I will dismiss all of the Moss cases

(and certain other cases not here involved) when court convenes in April, except the mule case, which I want to try.' Thereupon affiant said, 'And in the meantime how about Moss' bonds? He has a large amount of cash bail on deposit; would you be willing to release this and let Moss go on his own recognizance?' To which the district attorney answered, 'Yes, I would be willing to release all bail money except in the mule case, and in that case I would be willing to recommend either $500 cash bail or a $1,000 personal bond.' "

After further discussion, the conversation was as follows:

" 'Now, let us have no misunderstanding about this matter; this is a gentlemen's agreement made off the record to protect you; the Moss bail money is to be released and he is to go on his own recognizance in all except the mule case, and in that case he may leave on deposit $500 cash bail, or substitute a $1,000 personal bond; when court convenes next April to make up the trial docket, you will move to dismiss all indictments except in the mule case without the necessity of my coming to Burns; I would not consent to a continuance if it would necessitate another expensive trip out here.' Thereupon said district attorney said, 'Yes, that is the understanding and I will dismiss the cattle indictments next spring; you can tell the judge about it in the morning.' "

The affidavit continues as follows:

"On Monday, October 8, 1917, before court convened, this affiant did relate to Hon. Dalton Biggs, Judge of the above-entitled court, the substance of said agreement, and when court convened the district attorney and affiant in open court stated that an agreement had been reached to continue all of said indictments and for the reduction of bail in certain cases which were involved in said agreement, but to which said defendant Moss was not a party, and for said defendant Moss to go on his own recognizance under all indictments except that involving the mule here-

inabove mentioned, and for $500 cash bail or $1,000 personal bond in the mule case. Orders were so passed by this court and defendant's cash bail under all of said cattle indictments was returned to him. This affiant would never have agreed to a continuance of the above-entitled case except upon condition that the same be dismissed in the spring of 1918, as agreed upon as hereinabove set forth and did not agree to said continuance except upon said condition that the same be so dismissed."

In his counter-affidavit the district attorney says:

"That on the first day of the April term of the Circuit Court of Harney County, Oregon, for the year of 1918, the cases of the *State of Oregon* v. *W. Z. Moss* were called on the docket by the court and the said Moss appearing in person and by his attorney, P. J. Gallagher, and at said time some remarks were made and some discussion had as to what disposition would be made of said indictments and at said time the affiant herein as the district attorney for Harney County, Oregon, stated to the court in the presence of the defendant and his attorney, P. J. Gallagher, that attorney L. R. Webster, of Portland, Oregon, was associated with the district attorney in both of said cases and that the said affiant herein would not care to make any disposition of said cases until the said L. R. Webster should be in court. The affiant further stated at said time that he expected said L. R. Webster to be in attendance upon the court within a day or two. That during the first week of said term of court, the said L. R. Webster arrived in the city of Burns, Oregon, from Portland, Oregon, and was for several days in attendance upon court, but that before the arrival of the said L. R. Webster, the said defendant, W. Z. Moss, absented himself from court and left Harney County, Oregon, and as this affiant is informed and believes, returned to Lake County, Oregon. And that said defendant did not again appear before the court either in person or by his attorney, and that for that reason it was impossible for the district attorney to

have the case set down for trial or any other disposition made of the cases, owing to the absence of said defendant.

"That the said term of court remained open from the first Monday in April, 1918, until the first Monday in October, 1918; that during the said term of court and in the first week of September, 1918, this affiant caused the sheriff of Harney County, to notify the said defendant, W. Z. Moss, to appear before the Circuit Court on Tuesday, the first day of October, 1918, in order that said indictments might at said time be set for trial. That upon the failure and refusal of the said defendant to appear in court after having been so notified by the said sheriff to appear as aforesaid, this affiant applied to the judge of the above-entitled court and secured an order for a bench warrant requiring the sheriff of the county to produce the said defendant in court. That the sheriff was unable to apprehend the defendant at once and did not secure the attendance of the said defendant before the said Circuit Court until Monday, the seventh day of October, 1918, the same being the first day of the October term of court. That on Monday, the seventh day of October, 1918, the said defendant, W. Z. Moss, appeared in open court in person and by his attorney, P. J. Gallagher, and then and there filed in the said court a motion to dismiss the indictment in both of said cases," as above set forth.

The district attorney admits a conversation with Mr. Thompson on October 7, 1917, "with regard to the continuance of the said indictments for the said term and with regard to the dismissal of the said indictments at the spring term of 1918," and says that "at that time there was no definite agreement to dismiss the indictments or any one of them, but that the statement was made to Mr. Thompson at that time that unless for some reason known at that time the cases would be dismissed and that affiant thought at that time that they more than likely would be dismissed at

the spring term of court,'' but that he reserved ''the right until the April term of court to make any final disposition with regard to the ultimate disposition of those cases.'' He declares that ''at that time said W. Lair Thompson seemed as willing and as anxious to continue the said cases as I''; that the two indictments against the defendant were continued from the October term of 1917 with the consent, if not upon the request, of the defendant himself, and that the reason said cases were not disposed of during the April term of 1918 was:

''That the said W. Z. Moss absented himself from the court, and that the said W. Z. Moss and W. Lair Thompson, his attorney, at said April term, 1918, neither asked for nor demanded a trial of either of said indictments and that both of said parties kept away from said court so that this affiant could not have said cases set for trial during said term; and that before the end of said term of court, the sheriff of Harney County, Oregon, at the request of this affiant, as aforesaid, notified the said defendant, W. Z. Moss, to appear in court so that some disposition could be made of the said two indictments and that the said W. Z. Moss having refused and failed to appear upon the receipt of said notice from the said sheriff, and the said sheriff being unable to locate the said W. Z. Moss and to serve him with the bench warrant heretofore referred to, this affiant was unable to secure the attendance of the said W. Z. Moss and unable to dispose of the two indictments during the said April term of court.''

It appears from the affidavit of Goodman, as sheriff of Harney County, that in September, 1918, he addressed a duly registered letter to the defendant at Lakeview, Oregon, his postoffice, in which he notified him to appear in court on Tuesday, the first day of October, 1918, to make some disposition of the pend-

ing indictment, and that he received the registration return card duly signed by the defendant. The affiant says that later in September, 1918, he saw the defendant at The Narrows in Harney County and personally notified him to appear in court on the date specified, "for the purpose of having the said indictments set for trial"; that at "said time the said W. Z. Moss stated to me that he would not appear before the said court at said time and if the court or the officers of Harney County wanted him they knew where to find him, or words to that effect." According to the affidavit, Moss left the state within a few days thereafter and returned about October 7, 1918, when he appeared in court in response to a bench warrant issued for him four days earlier.

No reply affidavits were filed by the defendant and none of the new matter set up in the counter-affidavits on the part of the state is denied. After argument the court overruled the motions to dismiss, from which the defendant appeals, assigning such ruling as error.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. McCamant, Bronaugh & Thompson,* with an oral argument by *Mr. Wallace McCamant.*

For the state there was a brief over the names of *Mr. J. O. Bailey,* Assistant Attorney General, *Mr. George M. Brown,* Attorney General, *Mr. M. A. Biggs,* District Attorney, and *Mr. John W. McCulloch,* with an oral argument by *Mr. Bailey.*

JOHNS, J.—Article I, Section 10, of the Constitution provides:

"No court shall be secret, but justice shall be administered openly and without purchase, completely and without delay."

Section 1701, L. O. L., provides:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of the court in which the indictment is triable after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown."

The defendant was "not brought to trial at the next term of the court in which the indictment" was triable and he now contends that for such reason the cases against him should be dismissed. It appears from the record that on October 7, 1918, such a motion was filed to dismiss and was set for hearing at 1:30 P. M. of the same day. The journal entry shows that:

"The said defendant appearing in person, as well as by P. J. Gallagher and Geo. S. Sizemore, his attorneys, said defendant at this time asks leave to withdraw the said motion to dismiss, and leave to withdraw being granted, the said defendant, through his said attorneys, stated in open court that he was ready for trial and asked that the said cases be set for trial."

The order further shows that on the application of the defendant and with his consent the cases were set for trial on Monday, October 14, 1918, at 10:00 A. M. This record must be taken as true. On October 15, 1918, Mr. Thompson, as the sole attorney for the defendant, filed another motion, to dismiss.

It appears from the affidavits of both the state and the defendant that the cases were continued from the October term, 1917, to the April term, 1918, by consent. Mr. Thompson claims that his consent was based on an agreement with the district attorney that the cases would be dismissed at the April term, 1918, and his affidavit as to the facts is clear and specific. In legal effect, the district attorney admits that it was then his purpose to dismiss the indictments at the coming April

term, but claims that he reserved the right "until the April term of court to make any final disposition with regard to the ultimate disposition of those cases"; that the cases were not disposed of at the following April term for the reason that the defendant "absented himself from court and neither asked for nor demanded a trial on either indictment and kept away from court, so that the cases could not be set for trial"; that the term of court did open on the first Monday in April, 1918, and continued and remained open until the first Monday in October, 1918, and that in the first week of September, 1918, he directed and caused the sheriff to notify the defendant to appear in court on Tuesday, the first day of October, 1918, for the purpose of setting the cases for trial. The record shows that the defendant was notified by the sheriff and refused to appear; that by reason thereof the court issued a bench warrant and that in response thereto the defendant appeared in court on October 7, 1918, at which time the first motion to dismiss was filed. It further appears from the unchallenged affidavit of the district attorney that on the first day of the April term, 1918, the cases against the defendant were called on the docket by the court; that the defendant then appeared by his attorney, P. J. Gallagher; that after some argument and discussion the district attorney stated that L. R. Webster, an attorney who had been employed by the prosecution, was then absent but would "be in attendance upon the court within a day or two," and that Mr. Webster arrived during the first week of the term and was in attendance upon the court for several days. Before his arrival the defendant absented himself from court, left Harney County and did not again appear during the term, either in person or by attorney.

It further appears by the affidavit of Mr. Thompson that ''on Monday, October 8, 1917, before court convened this affiant did relate to Honorable Dalton Biggs, Judge of the above-entitled court, the substance of the agreement between himself and the district attorney,'' and that upon the convening of court the district attorney stated ''that an agreement had been reached to continue all of said indictments and said reduction of bail in certain cases which were involved in said agreement.''

1. Assuming that the district attorney did make the agreement that the cases should be continued from the October term of 1917 to the April term of 1918, and should then be dismissed as set forth in Mr. Thompson's affidavit, and that the district attorney did violate the agreement, that would not be legal or sufficient ground to dismiss the indictments under either Article I, Section 10, of the Constitution or Section 1701, L. O. L. While it may be true that the trial court was advised of its substance, there is no record or evidence which tends to show that the court ever ratified or approved the alleged agreement; and the fact remains that all of the proceedings were heard before the trial judge, who overruled the motions to dismiss the indictments.

2. As he had personal knowledge of all of the proceedings, we think his ruling is entitled to some weight.

3, 4. The cases were continued from the October term of 1917 to the following April term, with the express consent and approval of the defendant. While it is true that he was present at the beginning of the April term, there is nothing to show that he sought or demanded a trial, and the record discloses that pending the arrival of Mr. Webster during the early part of the first week of the term, he absented himself from

court and stayed away for the remainder of the term. When he was finally brought into court on a bench warrant he filed a motion to dismiss, because his case was not tried at the April term. Upon the hearing he asked and was granted leave to withdraw that motion and through his attorneys he stated in open court that he was ready for trial and asked to have the cases set for hearing. Upon his application and consent they were set for trial on October 14, 1918. On October 15, 1918, he filed another motion to dismiss, on the identical ground stated in his original motion. In legal effect his withdrawal of the motion to dismiss, with the statement in open court that he was ready for trial and his application and consent to have the cases set for trial on October 14, 1918, constituted a waiver of his right thereafter to insist upon the motions to dismiss the indictments. Under such a state of facts, we do not believe that the defendant's motions to dismiss come within the terms and provisions of either Section 1701, L. O. L.; or Article I, Section 10, of the Constitution.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

MR. JUSTICE BENSON took no part in the consideration of this case.