Submitted on brief December 17, 1919, affirmed January 27, 1920.

## CLATSOP COUNTY *v.* WUOPIO.

(186 Pac. 547.)

**Bail—Justification of Sureties may be Before Clerk—"Allowing Bail" —"Admitting to Bail."**

1. "Admitting to bail," or "allowing bail," as it is sometimes termed, is a judicial act which purely ministerial officers, such as clerks of court, have no authority to perform, in the absence of an express statute; but by "allowing bail" or "admitting to bail" is not meant the formal justification, subscription, or acknowledgment by the sureties, the term first mentioned relating to the order determining that the offense is bailable and fixing the amount of undertaking, and "taking the bail" meaning the final acceptance or approval of it by the court, and an undertaking was valid although justification of sureties was before the clerk.

**Criminal Law—Good Cause Shown for Continuance.**

2. Where an attorney appeared on date set for trial and showed that defendant's attorney had enlisted in the United States army and was unable to be present at the trial, and that defendant had not been able to obtain counsel, and that absent counsel possessed all the facts constituting defense, the court had good cause for continuing the case for the next term of court, and defendant cannot complain; there being nothing to show that the continuance was against his wishes.

[As to absence of counsel as ground for continuance, see note in Ann. Cas. 1913C, 431.]

[As to war conditions as ground for continuance, see note in 3 A. L. R. 333.]

From Clatsop: JAMES A. EAKIN, Judge.

In Banc.

This was an action to recover upon an undertaking of bail, executed by defendants, to secure the enlargement of one H. S. Gilnett, who had been indicted by the grand jury for obtaining by false pretenses the signature of a person to a promissory note, the false making of which would be forgery, the general description of the offense being in the following language:

"H. S. Gilnett is accused by the Grand Jury of the County of Clatsop by this Indictment of the crime of obtaining and attempting to obtain by false pretenses, with intent to defraud, the signature of a person to a promissory note, the false making of which is and would be forgery, committed as follows."

Thereafter in the body of the indictment following a long statement of the particular circumstances of the alleged offense, which clearly showed the crime defined in Section 1964, L. O. L.

The defendant Gilnett was arrested upon a bench warrant issued out of the Circuit Court, and on the twenty-sixth day of February, 1917, was arraigned, waived time to plead, entered a plea of not guilty, and was, by order of the court, admitted to bail in the sum of $500. The undertaking of bail was executed before the clerk and not in the presence of the circuit judge, and contained the usual affidavit as to the qualifications of the sureties, the certificate of the clerk that it was subscribed and sworn to before him on the twenty-sixth day of February, and the certificate of the judge that that it had been examined and approved by him on February 26, 1917.

Gilnett, after several continuances, finally failed to appear at the time fixed for trial and his default was

duly noted, his bail declared forfeited, and the district attorney was directed to bring an action on the undertaking against his sureties, the defendants herein.

The foregoing is a substantial summary of the complaint, which the testimony sustains in every particular.

The defendants answered by a general denial and at the close of the plaintiff's case moved for a nonsuit, which motion being denied, they stood upon such motion and introduced no evidence, whereupon the court made findings and entered judgment for plaintiff, from which defendants appeal.        AFFIRMED.

For appellants there was a brief submitted over the names of *Mr. Enoch E. Mathison* and *Mr. J. J. Barrett.*

For respondent there was a brief prepared and submitted by *Mr. Ed. C. Judd.*

McBRIDE, C. J.—The defendants raised substantially several objections to plaintiff's recovery, which may be summarized as follows: (1) That the complaint does not show that Gilnett was charged with any crime known to the law; (2) that the undertaking is void because not taken, acknowledged before, and certified by the circuit judge in the manner prescribed by Section 1648, L. O. L., and (3) that the continuance granted by the court on June 29, 1917, was without the consent of the defendant and therefore in contravention of law, and Gilnett was thereby relieved from any further responsibility to appear.

As to the first objection it is sufficient to say that the complaint sets forth in full the indictment found against Gilnett and that in our judgment that indictment fully stated the offense defined by Section 1964,

L. O. L.  Counsel for defendants have not pointed out any particular point wherein it is defective and the first objection cannot be sustained.

1. The second objection is more plausible and admits of serious discussion.  It is apparent from the record that the court made an order admitting defendant Gilnett to bail in the sum of $500.  Admitting to bail or allowing bail, as it is sometimes termed, is a judicial act which purely ministerial officers, such as clerks of the court, have no authority to perform in the absence of an express statute:  3 R. C. L., p. 22, § 23. But by "allowing bail" or "admitting to bail" is not meant the formal matter of justification, subscription or acknowledgment by the sureties.  The term first mentioned relates to the order determining that the offense is bailable and fixing the amount of the undertaking.  By "taking the bail" is meant the final acceptance and approval of it by the court.

The justification and acknowledgment are purely ministerial acts and as to these the better authority seems to be that even if performed by or before an unauthorized officer, that fact will not invalidate the undertaking:  5 Cyc. 109.

In *State* v. *Hays,* 2 Or. 314, the court puts the undertaking of bail on a par with other simple contracts and uses this language:

"The undertaking prescribed by our statute is radically different in form and substance and retains nothing of the nature of the confession of a judgment or a recognizance.  It is a simple contract, a conditional promise for the payment of money, to be sued upon as is a bond or promissory note.

"In such an undertaking when is the contract complete?  When it is signed by the parties, placed in the hands of the magistrate, and the defendant discharged;

95 Or.—3

or when the magistrate shall have appended his certificate?

"The law positively requires a justification by affidavit before the defendant has a strict right to his discharge. But it has never been held that the want of the affidavit can be set up as a defense in an action upon the undertaking.

"The law makes it the duty of a magistrate to certify to the acknowledgment of a deed, and he may be liable if he neglects or declines to do so; but the deed is good between the parties before he certifies. In case of a deed the certificate of acknowledgment is taken as proof of the execution, but it has never been held that in the absence of a certificate, or in case of a defective one, it is error to prove the execution by parol."

In the present case the justification of the sureties was before the clerk, but the court approved the undertaking and therefore as a matter of law the judge and not the clerk took the bail. The undertaking was in statutory form; there is no question but that the sureties signed it and that by reason of its being given, the defendant Gilnett secured his discharge from custody. It does not lie in the mouths of the defendants to say that by reason of the fact that a mere ministerial act was performed by the clerk instead of the judge, they are discharged from liability.

2. The objection that the trial was postponed to a future day without good cause being shown, is untenable. The case was duly set for trial on June 29, 1917, and on that date the following order was made in the case.

"Now on this day came the defendant by G. C. Fulton, an attorney of this court representing and appearing on behalf of R. H. Rowland, and having shown the court that R. H. Rowland, attorney for said H. S. Gilnett has enlisted as a volunteer in the United States army, and is now at the Presidio and unable to be present at the trial of this cause, and that the defendant has

not been able to obtain counsel, and that said R. H. Rowland is possessed of all the facts constituting the defense, and it appearing to the court that it would be just to have this cause continued.

"It is, therefore, ordered by this court that this cause and the trial thereof be continued until the next term of court."

The reasons given constituted good cause for a continuance. The defendant having given an undertaking to appear on that very day the presumption is that he was there in accordance with its terms, and it does not appear that the continuance was against his wishes. On the contrary it appears that it was in his interest and for his benefit that the continuance was granted so that he would not be forced into trial without the assistance of counsel familiar with the facts in the case: *State* v. *Moss*, 92 Or. 449 (181 Pac. 347).

The judgment of the Circuit Court is affirmed.

AFFIRMED.